**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS ARELLANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT CORRECTIONS AND REHABILITATION,<br><br>　　　　　Defendant. | Case No.: 1:20-cv-00011-SAB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>(ECF No. 38) |

　　　Plaintiff Marcos Arellano is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for leave to amend the complaint, filed August 12, 2021.

**I.**

**RELEVANT BACKGROUND**

　　　This action is proceeding against the California Department of Corrections and Rehabilitation (CDCR) for violation of the Americans with Disabilities Act.

　　　On April 29, 2020, Defendant CDCR filed an answer to the complaint.

///

///

1

On May 1, 2020, the Court stayed the case and scheduled a post-screening settlement conference on August 25, 2020.  (ECF No. 13.)  After an extension of the deadline, the Court conducted a settlement conference on September 29, 2020, but the parties did not reach an agreement.

Therefore, on October 9, 2020, the Court issued the discovery and scheduling order on October 9, 2020.  (ECF No. 26.)

On August 12, 2021, Plaintiff filed the instant motion to amend the complaint.  (ECF No. 38.) Defendant did not file an opposition and the time to do so has now passed.  Local Rule 230(l).

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party=s pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

///

Plaintiff seeks leave to amend the complaint and states that he was assisted by another individual in drafting the complaint who mistakenly signed on behalf of Plaintiff without his knowledge or consent. Plaintiff has submitted a signed certificate, certifying that his signature on the certificate would serve as an original signature, under penalty of perjury, on his complaint. (ECF No. 38 at 8.)[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading ... must be signed by at least one attorney of record in the attorney's name" and that the court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's ... attention." Fed. R. Civ. P. 11(a); see also Local Rule 131(b) (requiring signature on "[a]ll pleadings"). Based on a showing of good cause and the lack of opposition and prejudice to Defendants, the Court will grant Plaintiff's motion to amend the complaint to amend and supplement his original signature, under penalty of perjury, on his complaint.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 38) filed on August 12, 2021, is granted; and
2. The certification of Plaintiff's signature under penalty of perjury submitted on August 12, 2021 (ECF No. 38 at p. 8) is deemed the original signature on the complaint filed in this action on January 3, 2020 (ECF No. 1 at p. 11).

IT IS SO ORDERED.

Dated: **September 8, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] References herein to page numbers are to the Court's ECF pagination headers.